UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Classic Maritime Inc,** § | | |
| § | | |
| Plaintiff, § | | |
| § | Civil Action No. 1:21-cv-83 | |
| v. § | | |
| § | Admiralty Rule 9(h) | |
| **XCoal Energy and Resources LLC D/B/A/** § | | |
| **XCoal Energy and Resources** § | | |
| § | | |
| Defendant. § | | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF A WRIT OF MARITIME ATTACHMENT

Plaintiff, Classic Maritime Inc. ("Classic" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, submits this Memorandum of Law in Support of Plaintiff's Application for Issuance of a Writ of Maritime Attachment. Plaintiff has satisfied all of the requirements necessary to obtain a maritime attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendants, XCoal Energy and Resources D/B/A/ XCoal Energy and Resources, LLC ("Defendants").

Supplemental Admiralty and Maritime Claims Rule B(1) "allows a district court to take jurisdiction over a defendant in an admiralty or maritime action by attaching property of the defendant." *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 244 (5th Cir. 2016) (quoting *Submersible Sys., Inc., v. Perforanora Cent., S.A. de C.V.*, 249 F.3d 413, 421 (5th Cir. 2001). The purposes of this power are "to secure a respondent's appearance and to assure satisfaction in case the suit is successful." *Id.* (quoting *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 693 (1950))

In this action, Classic is seeking a maritime attachment as security for arbitration in the United States related to maritime transactions pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8. *See*, Plaintiff's Verified Complaint dated January 27, 2021 (the "Verified Complaint"), ¶ 1. A plaintiff's right to obtain maritime attachment of a defendant's property to secure its claim is venerable. As stated by the Second Circuit,

> The use of the process of attachment in civil causes of maritime jurisdiction by courts of admiralty . . . has prevailed during a period extending as far back as the authentic history of those tribunals can be traced.

*Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 47-48 (2d Cir. 1996) (quoting *Atkins v. The Disintegrating Co.*, 85 U.S. (18 Wall.) 272, 303 (1873)).

"A Rule B maritime attachment is a remedy available only under a court's admiralty jurisdiction." *Alphamate Commodity GMBH v. CHS Europe S.A.*, 627 F.3d 183, 186 (5 th Cir. 2010) (citing Fed. R. Civ. P. 9(h); Fed. R. Civ. P. Supp. R. A(1)(A)). Accordingly, a maritime attachment is available whenever "the plaintiff has an *in personam* claim against the defendant which is cognizable in admiralty . . . . In other words, the plaintiff's claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. § 1333." Robert M. Jarvis, *An Introduction to Maritime Attachment Practice Under Rule B*, 20 J. MAR. L. & COMM. 512, 526 & n.20 (1989). The only other prerequisite necessary for a plaintiff to demonstrate its entitlement to a writ of maritime attachment and garnishment is to show that "the defendant cannot be found within the district." Fed. R. Civ. P. Supp. R. B(1)(b). Hence, where a plaintiff files a maritime claim and an declaration showing that the defendant cannot be found within the district, that plaintiff has satisfied the prerequisites for obtaining an order directing the issuance of a writ of

maritime attachment and garnishment and the court should issue the requested order without further inquiry:

> Although a plaintiff seeking attachment must supply, along with its verified complaint, an affidavit stating that defendant cannot be found within the district, *little else is required and there need only be a hearing after the attachment is served.*

*ContiChem LPG v. Parsons Shipping Co.*, 229 F.3d 426, 434 (2d Cir. 2000) (emphasis added); *see also* Fed. R. Civ. P. Supp. R. B, Advisory Committee Notes, 1985 Amendment (stating that Rule B(1) "envisions that the order [directing issuance of a writ] will issue when the plaintiff makes a *prima facie* showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated."). Courts consistently apply four requirement for a Rule B attachment. The Plaintiff must show only that:

1. it has a valid *prima facie* admiralty claim against the defendant;
2. the defendant cannot be found within the district;
3. the defendant's property may be found within the district; and
4. there is no statutory or maritime law bar to the attachment.

*See e.g., Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008); *Blue Whale Corp. v. Grand China Shipping*, 722 F.3d 488, 493 (2d Cir. 2013). After review of the Plaintiff's complaint and supporting declaration, "if the conditions of this Rule B appear to exist," the court must "enter and order so stating and authorizing process of attachments and garnishment.' Fed. R. Civ. P. Supp. R. B(1)(b); *see also Heidmar, Inc. v. Anomina Ravennate Di Armanento Sp.A. of Ravenna*, 132 F.3d 264, 267 (5th Cir. 1998).

Here, as discussed below, Classic has satisfied the prerequisites for obtaining an order directing the issuance of a writ of maritime attachment and garnishment.

### A. Classic has Asserted *Prima Facie* Admiralty Claims Against the Defendants

In its Verified Complaint, Classic has asserted against Defendants maritime claims based on the breach of maritime contracts, specifically a contract of affreightment and several charter party agreements. These are undoubtedly traditional maritime contracts subject to admiralty jurisdiction, and claims arising under such contracts are maritime claims. *Morewood v. Enequist*, 64 U.S. 491, 494-95 (1859) ("charter-parties and contracts of affreightment are 'maritime contracts' within the true meaning and construction of the Constitution and act of Congress"); *Armour & Co. v. FT. Morgan S.S. Co.*, 270 U.S. 253, 256 (1926) ("a charter party is a maritime contract and hence enforceable in a court of admiralty") (internal quotations omitted); *Norfolk S. Ry. Co v. Kirby*, 543 U.S. 14, 23 (2004) (confirming that cases involving maritime contracts give rise to admiralty jurisdiction); *Fednav, Ltd. v. Isoramar*, S.A., 925 F.2d 599, 601 (2d Cir. 1991) ("It is beyond dispute that a charter party agreement is a maritime contract subject to federal admiralty jurisdiction").

### B. Defendants Cannot Be Found Within the District

The Declaration of James H. Power in support of Rule B Attachment and Application for Substitute Process Server dated January 27, 2021 (the "Power Decl.") establishes the second requirements necessary to obtain a Rule B attachment. The Defendants, or their agent(s) cannot be "found" within this judicial district. For the purposes of Rule B, a defendant is "found" within a district only if it is 1) subject to personal jurisdiction within the district and 2) capable of being served with process there. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty ltd.*, 460 F.3d 434, 441

(2d Cir. 2009) *abrogated on different grounds by Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009).  The Supreme Court has held that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporation to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state."  *Wilderness USA, Inc. v. DeAngelo Bros. LLC*, 265 F. Supp. 3d 301, 305 (W.D.N.Y. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

XCoal is a limited liability company organized under the laws of Pennsylvanian, with its principle place of business in that State.  Verified Complaint, ¶ 4.  As noted in the Power Decl., the Defendants are not registered with the Texas Secretary of State to do business in the State as foreign entities, and do not appear to have any "continuous and systematic" affiliations with Texas as to render them at home in the this State.  Power Decl., ¶ 4-5.  Accordingly, Defendants do not appear to "found" within the district for the purposes of Rule B, and this condition is satisfied and warrants attachment.  *See Heidmar*, 132 F.3d at 267.

### C. Defendants' Property is Present in This District in the Form of Bank Accounts in The Defendants' Name, and There Are No Statutory or Maritime Law Bars to This Attachment.

The principal property sought to be attached by Classic are bank accounts belonging to the Defendants located in this District (Power Decl., ¶¶ 8), which is straightforward property interest held by Defendants in the property sought to be attached.  Upon information and belief, Defendants have accounts believed to be held in the hands of PNC Bank, N.A., and Citibank N.A. as Defendants have paid other charterers and creditors in the past from these accounts.  Verified Complaint, ¶ 32, Power Decl., 8.

Finally, there are not statutory or maritime law bars to this attachment.

## CONCLUSION

Plaintiff has shown that all of the prerequisites for obtaining a Rule B attachment order are present in this case. Thus, it is respectfully submitted that this Court issue the requested Order directing the issuance of a writ of attachment and garnishment.

Dated: January 28, 2021
      Houston, Texas

                                    Respectfully submitted,

By:     *s/ James H. Power*
        Julia M. Haines
        State Bar. No. 08710800
        Fed I.D. No. 00765
        James H. Power
        State Bar No. 24026397
        Federal I.D. No. 433050
        HOLLAND & KNIGHT LLP
        1100 Louisiana Street Suite 4300
        Houston, Texas 77002
        Telephone (Cell): (713) 805-0684
        Office: (713) 244-6875

        - and –

        31 West 52nd Street
        New York, NY 10019
        Telephone: (212) 513-3200
        Facsimile: (212) 385-9010
        Email: james.power@hklaw.com

        *Counsel for Classic Maritime Inc.*